IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT GREGG CHILTON *et al*, | § | |
| | § | |
| *Appellants*, | § | |
| | § | Civil Action No. 4:10-CV-180 |
| v. | § | |
| | § | |
| CHRISTOPHER MOSER, | § | |
| | § | U.S. Bankruptcy Court No. 08-43414 |
| *Appellee.* | § | |

## MEMORANDUM OPINION ON APPEAL FROM BANKRUPTCY COURT

Appellants Robert Gregg Chilton and Janice Elaine Chilton appeal from the March 5, 2010 Memorandum and Order entered by the Bankruptcy Court for the Eastern District of Texas, in Case Number 08-43414, Hon. Brenda T. Rhodes, Presiding. The issue on appeal is whether the Bankruptcy Court erred in sustaining the Trustee's objection to the Debtor-Appellants' claim of an exemption in an inherited IRA under 11 U.S.C. § 522(d)(12).

On the record before it, the court concludes that an inherited IRA is exempt under Section 522(d)(12). The judgment of the Bankruptcy Court, therefore, is reversed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are not disputed by the parties. Shirley Heil established an Individual Retirement Account ("IRA") at RBC Dain Rauscher f/k/a RBC Wealth Management, and designated her daughter, Debtor-Appellant Janice Elaine Chilton, as the account beneficiary. Ms. Heil died on November 28, 2007.

On January 21, 2008, Ms. Chilton established an IRA account, entitled "Janice Chilton, Beneficiary, Shirley Heil, Decedent" at RBC Dain Rauscher for the purpose of receiving her

1

mother's IRA funds. Ms. Heil's IRA assets were transferred from the trustee of her account directly to the trustee of Ms. Chilton's account. None of the assets or funds in Ms. Chilton's account are contributions from the Debtor-Appellants. Ms. Chilton, who turned 52 in 2010, must begin taking lifespan-measured distributions from the inherited IRA in 2010. In the alternative, she may choose to take the entire distribution by 2013 or earlier.

Debtor-Appellants filed a petition for Chapter 7 bankruptcy on December 18, 2008. In their bankruptcy schedules, they disclosed a community property interest in the RBC Dain Rauscher IRA account in the amount of $170,000, and claimed this property as exempt under 11 U.S.C. § 522(d)(12). The Chapter 7 Trustee objected to this claim of exemption, and filed a motion to dismiss for abuse. The Debtor-Appellants responded by agreeing to convert their case to a Chapter 13 proceeding. The case was converted on April 20, 2009, and the Chapter 13 Trustee subsequently adopted the Chapter 7 Trustee's objection to the claimed exemption of the inherited IRA.

In a thorough opinion, the Bankruptcy Court ruled on March 5, 2010 that the Chapter 13 Trustee's objection should be sustained. Emphasizing the fact that it had found no published case that addressed the exemption of an inherited IRA under Section 522(d)(12), the court concluded as a matter of first impression that an inherited IRA is not equivalent to an ordinary IRA for purposes of determining whether the account contains "retirement funds" that may be exempted under Section 522(d)(12). Even assuming that the inherited IRA did contain "retirement funds," the court found that the account Ms. Chilton set up to receive the funds from her mother's IRA account was not a traditional IRA exempt from taxation under 26 U.S.C. § 408(e)(1). Debtor-Appellants timely appealed.

## II. STANDARD OF REVIEW

There are no disputes as to the material facts in this case, and the Appellants seeks review only of the bankruptcy court's legal conclusion that the inherited IRA was not subject to exemption under 11 U.S.C. § 522(d)(12). Issues of law are reviewed by this court *de novo*. *In re SGSM Acquisition Co., LLC*, 439 F.3d 233, 238-39 (5th Cir. 2006).

## III. LAW ON EXEMPTIONS UNDER 11 U.S.C. § 522(d)(12)

Pursuant to 11 U.S.C. § 541(b) and (c), certain property is exempted from the bankruptcy estate. The Debtor is also permitted to exempt certain additional property, including "Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." Section 522(d)(12).[1] A claim of exemptions is presumed valid, and the party objecting to the exemption has the burden to prove that the exemptions are not properly claimed. Section 522(l); Fed. R. Bank. P. 4003(c).

A Section 522(d)(12) exemption must meet two requirements: (1) the amount the debtor seeks to exempt must be retirement funds, and (2) those retirement funds must be in an account that

---

[1] While Section 522(b)(2) permits states to opt out of the federal exemption scheme, Texas allows a debtor to choose between the federal and state exemption schemes. *See, e.g., Matter of Bradley*, 960 F.2d 502, 506 n.2 (5th Cir. 1992). Debtor-Appellants opted for the federal exemptions in this case, and attempt to exempt the inherited IRA under 522(d)(12). Section 522(b)(1) permits the Debtor to exempt property under the federal scheme either under Section 522(b)(2)—which references property listed in Section 522(d)—or Section 522(b)(3). Section 522(b)(3)(C) is identical to Section 522(d)(12), and exists to protect those debtors that reside in states which opt out of the federal exemption scheme, since it creates a uniform minimum for retirement fund exemptions in all bankruptcy cases, notwithstanding state law limitations. The result in this case would be the same if Debtor-Appellants had claimed exemption under either Section, and the cases which follow discuss exemption of inherited IRAs under one or the other of these sections.

3

is exempt from taxation under Section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code. *In re Nessa*, 426 B.R. 312, 314 (8th Cir. BAP 2010).

## IV. DISCUSSION

**A.     Applicable law**

The court has found five cases, all issued since the Bankruptcy Court's March 5, 2010 opinion in this case, in which an inherited IRA was found to be exempt under either Section 522(d)(12) or Section 522(b)(3)(C).

In *Nessa*, the Debtor made a trustee-to-trustee transfer of her deceased father's IRA to her own account, without rolling over the account to her own IRA, taking any distributions from her father's IRA, or contributing any of her own funds to the inherited account. The *Nessa* court first found that the funds at issue were retirement funds, although they were the retirement funds of Debtor's father, rejecting the argument that the retirement funds must be created from the Debtor's own assets. 426 B.R. at 314.

The court then determined that an inherited IRA is tax-exempt under 26 U.S.C. § 408(e), rejecting the argument that an inherited IRA is different from other Section 308 tax exempt IRAs simply because it is subject to certain rules in other parts of the Internal Revenue Code, especially in terms of distributions. The *Nessa* court pointed out that Section 408(e) provides that "[a]*ny* individual retirement account is exempt from taxation." *Id.* at 315 (emphasis in original). Finally, the court noted that 11 U.S.C. § 522(b)(4)(C) states that retirement funds that are directly transferred from a Section 408(a) tax-exempt account to another such account continue to qualify for exemption under Section 522(d)(12). *Id.*

4

Relying on *Nessa*, the Bankruptcy Court in *In re Kuchta*, 434 B.R. 837, 843 (Bkrtcy. N.D. Ohio 2010) also concluded that an inherited IRA was exempt under 11 U.S.C. § 522(b)(3)(C). As in *Nessa*, the Debtor's inherited IRA account was established through a direct trustee-to-trustee transfer of the inherited assets. *Accord In re Tabor*, 433 B.R. 469 (Bkrtcy. M.D. Pa. 2010) (citing *Nessa*, concluding that an inherited IRA could be exempted under Section 522(b)(3)(C))[2]; *In re Thiem*, 2011 WL 182884 (Bkrtcy. D. Ariz. Jan. 19, 2011) (relying on *Nessa*, *Tabor* and *Kuchta*); *In re Weilhammer*, 2010 WL 3431465 (Bkrtcy. S.D. Cal. Aug. 30, 2010) (analyzing *Nessa* and *Tabor*, as well as the Bankruptcy Court's ruling in the instant case, and agreeing with the *Nessa* and *Tabor* courts that the Debtor could claim an exemption under Section 522(b)(3)(C) for the inherited IRA). The *Weilhammer* court pointed out that the Bankruptcy Court in the instant case did not consider the language of Section 522(b)(4)(C), and reached its conclusion notwithstanding the language of 26 U.S.C. 408(e) that "[*a*]*ny* individual retirement account is exempt from taxation."

**B.   Analysis**

As previously noted, the Bankruptcy Court did not have the benefit of considering these five cases in making its decision. While its opinion was thoughtful, the court must respectfully disagree with the Bankruptcy Court's conclusion. For the reasons discussed at length by the *Nessa*, *Tabor*, *Kuchta*, *Thiem*, and *Weilhammer* courts, the court concludes that: (1) the funds in an inherited IRA are "retirement funds" within the meaning of Section 522(d)(12), and (2) the inherited IRA is tax-

---

[2]The Bankruptcy Court's opinion in *Tabor* was subsequently affirmed by the district court in an unpublished opinion. *See In re Tabor*, 1:10-cv-1580, Doc. # 6 (M.D. Pa. Dec. 2, 2010). The case has been appealed to the Third Circuit, where it remains pending at this time. *In re Tabor*, Docket No. 10-4660.

5

exempt under 26 U.S.C. § 408(e). Therefore, the inherited IRA can be exempted under Section 522(d)(12).

1. *Funds in an inherited IRA are "retirement funds"*

A "direct transfer of retirement funds from one fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code . . . shall not cease to qualify for exemption under . . . subsection (d)(12) by reason of such direct transfer." Section 522(b)(4)(C). This language provides that transfers of the type creating inherited IRAs do not remove the transfer from eligibility for exemption under Section 522(d)(12). Section 522(d)(12) does not require that the retirement funds be the Debtor's. The retirement funds can be those of a non-Debtor, as they were in this case: i.e., the retirement funds of Ms. Chilton's mother, Shirley Heil.

2. *The inherited IRA is tax-exempt*

The court finds persuasive the language of Section 408(e): "*Any* individual retirement account is exempt from taxation." The plain meaning of this language does not limit the section to traditional IRAs, but could include inherited IRAs. As the *Nessa* court noted, it is "irrelevant" that traditional and inherited IRAs have different rules regarding minimum required distribution; Section 408(e) says "any" IRA is exempt from taxation. 426 B.R. at 315. Direct transfer from an account exempt from taxation under Section 408 does not cease to qualify for the exemption, simply due to the transfer. Section 522(b)(4)(C).

For the above reasons, the court concludes that the Debtor-Appellants' inherited IRA can be exempted under Section 522(d)(12).

IT IS THEREFORE ORDERED that the Bankruptcy Court's March 5, 2010 Memorandum and Order is REVERSED. The case will be remanded to the Bankruptcy Court for further proceedings.

So **ORDERED** and **SIGNED** this **16** day of **March, 2011.**

_____
Ron Clark, United States District Judge